UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

**HENRY CUNNINGHAM**  **CIVIL ACTION NO. 11-564-P**

**VERSUS**  **JUDGE STAGG**

**JAMES LEBLANC, ET AL.**  **MAGISTRATE JUDGE HORNSBY**

**REPORT AND RECOMMENDATION**

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

**STATEMENT OF CLAIM**

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff Henry Cunningham ("Plaintiff"), pursuant to 42 U.S.C. § 1983.[1] This complaint was received and filed in this court on April 6, 2011. Plaintiff is currently incarcerated at the Richland Parish Detention Center, but he complains his civil rights were violated by prison officials while incarcerated at the Bossier Parish Medium Security Facility in Plain Dealing, Louisiana. He names James LeBlanc, Keisha Harris, R. Boyer, and Larry Dean as defendants.

Plaintiff claims that the law library at the Bossier Parish Medium Security Facility ("BPMSF") is inadequate. He claims that he was convicted and sentenced to ten years imprisonment and that he was working on an appeal of his conviction and sentence for bank

---

[1] Plaintiff has also raised claims regarding the denial of the practice of his Muslim faith. These claims will be addressed in a separate Memorandum Order.

fraud and this civil action while incarcerated at BPMSF. He claims that he was only allowed to go to the law library for 30 minutes twice a week. He also claims that the materials in the law library were inadequate. He claims there were no federal or state reporters. He claims he had no access to a computer, typewriter, notary, copy machine, or certified mail. Plaintiff admits he was represented by counsel in his state criminal case. Plaintiff claims this civil rights action was delayed but admits he did not lose the right to commence, prosecute, or appeal any case.

Plaintiff claims that his grandmother died and was buried in February 2011. He claims he was denied the right to attend her funeral because a grandmother is not considered immediate family.

As relief, Plaintiff seeks to be transferred to a DOC facility and monetary compensation. For the reasons given below, Plaintiff's claims should be dismissed as frivolous.

**LAW AND ANALYSIS**

**Access to the Courts**

Prisoners have a constitutional right of meaningful access to the courts. <u>Degrate v. Godwin</u>, 84 F.3d 768, 768-69 (5th Cir.1996) (quoting <u>Bounds v. Smith</u>, 430 U.S. 817, 828, 97 S.Ct. 1491, 1498, 52 L.Ed.2d 72 (1977)). However, this constitutional guarantee is not without limitation. <u>Lewis v. Casey</u>, 518 U.S. 343 (1996) (quoting <u>Turner v. Safley</u>, 482 U.S. 78, 89, 107 S.Ct. 2254, 2261-62, 96 L.Ed.2d 64 (1987)). In <u>Lewis v. Casey</u>, 518 U.S. 343, (1996), the Supreme Court reviewed its holding in <u>Bounds v. Smith</u>, 430 U.S. 817, (1977)

which is the source of a prisoner's constitutional right to "meaningful access to the courts." While the Supreme Court reaffirmed a prisoner's right of access to the courts in Lewis, the Court limited the parameters of Bounds and set forth a standard to be applied when determining whether to grant relief for an access to the courts violation. In so holding, the Court noted that a prisoner must show an actual injury, explaining that this requirement is derived from the doctrine of standing. Lewis, 116 S.Ct. at 2179. The Court used the analogy of a prisoner who is denied access to that of a healthy prisoner who has been deprived of medical treatment. In both cases, neither the access deprived prisoner nor the healthy prisoner have sustained constitutional injury, and thus, are not entitled to relief under Section 1983. The Court emphasized that the court's role is to provide relief to claimants who have suffered actual harm, not to interfere with the management of prisons.

Accordingly, the Fifth Circuit has held that a prisoner cannot prevail on an access to the courts claim without proving an actual injury in non-frivolous litigation as a result of the defendant's alleged unconstitutional conduct. Ruiz v. United States, 160 F.3d 273, 275 (5th Cir. 1998); Chriceol v. Phillips, 169 F.3d 313, 317 (5th Cir. 1999).

Application of the actual injury requirement to the instant case supports a finding that Plaintiff's claims are frivolous. Clearly, Plaintiff has not satisfied the "actual injury" requirement. Plaintiff has failed to demonstrate that he lost the right to commence, prosecute or appeal any suit as a result of the alleged denial of access to an adequate library and supplies. He admits he was represented by an attorney during his criminal trial proceedings. Furthermore, Plaintiff's complaint in this court reveals on its face that he was able to clearly

present his claims to this court. Thus, he has failed to state any actual injury. Accordingly, Plaintiff's claims should be dismissed with prejudice as frivolous.

**Funeral**

Plaintiff claims he was denied the right to attend his grandmother's funeral. Thus, he seeks damages for emotional and mental distress. 42 U.S.C. § 1997e(e) requires a prisoner to show that he has sustained a physical injury in order to bring a civil action for mental or emotional injury suffered while imprisoned. This section provides that "[n]o federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury. Plaintiff does not allege he suffered a physical injury. Thus, his claim is precluded by Section 1997e(e).

Furthermore, Plaintiff fails to state a due process claim under the Fourteenth Amendment. Neither federal nor state law entitles prisoners to compassionate leave or for that matter even to have contact with their families in the prison. Thomas v. Farley, 31 F.3d 557, 559 (7th Cir. 1994); Merrit v. Broglin, 891 F.2d 169 (7th Cir. 1989); Toussaint v. McCarthy, 801 F.2d 1080 (9th Cir. 1986).

However, if a state or local directive used explicitly mandatory language in placing substantive limitations on official discretion, then it was deemed that the state had conferred rights which were enforceable liberty interests, and these rights were protected by Section 1983. Kentucky Department of Corrections v. Thompson, 490 U.S. 454, 109 S.Ct. 1904, 104 L.Ed.2d 506 (1989). Even if Plaintiff alleges that a state or local directive bestowed rights

to funeral visitation, it would not be protected by Section 1983.

In <u>Sandin</u> v. <u>Connor</u>, 512 U.S. 472, 115 S. Ct. 2293 (1995), the Supreme Court held that discipline by segregated confinement did not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest. The Court recognized that States may under certain circumstances create liberty interests which are protected by the Due Process Clause. <u>Sandin</u>, at 115 S.Ct. 2300. However, the Court held that "these interests will generally be limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." <u>Id</u>. The Court then determined that segregated confinement, punitive, administrative or protective, did not impose an atypical and significant hardship on inmates in relation to the ordinary incidents of prison life. <u>Id</u>., at 2301.

While the Fifth Circuit has yet to address the issue of whether <u>Sandin</u> applies to funeral visitation, the Fifth Circuit has applied <u>Sandin</u> in non-punitive situations. In <u>Orellana v. Kyle</u>, 65 F.3d 29, 31-32 (5th Cir. 1995), the Fifth Circuit, commenting on the decision in <u>Sandin v. Connor</u>, <u>supra</u>, held that it is difficult to see that any other deprivation in the prison context, short of those that clearly impinge on the duration of confinement, will henceforth qualify for constitutional "liberty" status. The court held that there was no liberty interest in the constitutionality of parole review procedures. <u>Id</u>.

In <u>Bulgur v. United States Bureau of Prisons</u>, 65 F.3d 48 (5th Cir. 1995), the Court,

citing Sandin v. Connor, supra, held that there was no protected liberty interest in an inmate's termination from and subsequent reassignment to a prison job. The plaintiff in that case alleged that certain federal regulations created a protected liberty interest in his prison job. Again citing Sandin, the Court held that reliance on the language of the regulations was misplaced, and instead focused on whether the termination and reassignment would inevitably affect the duration of his sentence. Id at 50. In so finding, the Court reasoned that since the loss of a prison job did not affect the duration of his sentence, Sandin precluded a finding that mandatory language created a liberty interest. Id. Thus, Plaintiff's claim fails to rise to the level of a constitutional violation.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis, if this court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. 28 U.S.C. § 1915(d); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an in forma pauperis (IFP) proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

For the reasons heretofore stated, the Court finds that the IFP complaint based upon a violation of Plaintiff's civil rights lacks an arguable basis in law.

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights claims regarding the denial of access to the courts and the attendance of a funeral be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(d).

## OBJECTIONS

Under the provisions of 28 U.S.C. 636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. Proc. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, at Shreveport, Louisiana, on this the 26 day September 2013.

                                                  MARK L. HORNSBY
                                      UNITED STATES MAGISTRATE JUDGE