UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

HENRY EARL CUNNINGHAM                CIVIL ACTION NO. 11-cv-0564

VERSUS                                JUDGE WALTER

JAMES LEBLANC, ET AL                  MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

Henry Cunningham ("Plaintiff") is a self-represented prisoner who was housed at the Bossier Parish Medium Security Facility from January to June 2011. His complaint, as amended, alleged that prison officials denied him the right to attend his grandmother's funeral, provided an inadequate law library, and did not accommodate Muslims by providing a place to worship, providing literature, allowing Imams to speak, and allowing Muslim rugs and Qurans.

The court, on initial review, dismissed the claims regarding the funeral visitation and law library. Docs. 38 and 42. Defendants were served with the complaint and asked to respond to the religious accommodation claim. They have now filed a Motion to Dismiss (Doc. 44) on the grounds that Plaintiff's request for injunctive relief has been rendered moot by his transfer to another prison facility.

The form complaint that Plaintiff used asked him to "[s]tate exactly what you want the court to provide to you or do for you." Plaintiff stated, with respect to this claim: "I would like transfer to a DOC facility where I can practice my Muslim faith." The record shows that Plaintiff is now housed at the Riverbend Detention Center in Lake Providence,

Louisiana, far away from Bossier Parish. A prisoner's transfer to another facility "render[s] his claims for declaratory and injunctive relief moot." Herman v. Holiday, 238 F.3d 660, 665 (5th Cir. 2001) (claims for injunctive and declaratory relief based on exposure to asbestos were mooted by transfer to another prison). See also Cooper v. Sheriff, Lubbock County, 929 F.2d 1078, 1084 (5th Cir. 1991) (claims for injunctive relief based on denial of food at prior jail were moot). Any suggestion of injunctive relief based on the possibility that Plaintiff might some day be transferred back to Bossier Parish "is too speculative to warrant relief." Herman, 238 F.3d at 665.

Defendants' motion was noticed in November 2013 for briefing. Plaintiff filed a motion for extension of time and, even though it was filed after the deadline, the court granted him an extension through January 4, 2014 to file any opposition. More than a month has passed since that extended deadline, and Plaintiff has not filed anything. It appears, therefore, that Plaintiff's single remaining claim has been rendered moot by his transfer to another prison facility.

Accordingly,

**IT IS RECOMMENDED** that the Motion to Dismiss (Doc. 44) be **granted** and that Plaintiff's claim for religious accommodation be **dismissed without prejudice** because it has been rendered moot by his transfer to another prison facility.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and

recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within seven (7) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 6th day of February, 2014.

Mark L. Hornsby
U.S. Magistrate Judge